UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILDRED I. McCRAY,<br><br>      Plaintiff,<br><br>-against-<br><br>USPS, POSTMASTER GNL, MEGAN BRENNAN, *et al.*,<br><br>      Defendants. | 20-CV-0807 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a resident of Atlanta, Georgia, brings this *pro se* employment discrimination action under Title VII of the Civil Rights Act (Title VII), and the Age Discrimination in Employment Act (ADEA), alleging that Defendants discriminated against her while she was employed with the United States Postal Service (USPS) in Atlanta, Georgia. Named as Defendants are USPS employees in Atlanta, Georgia, and the Postmaster General of the United States, Megan Brennan, who is employed in Washington, D.C. For the following reasons, this action is transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Title VII's venue provision, in relevant part, states that:

> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Claims brought under the ADEA are governed by the general venue provision, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enterprises, LLC*, No. 15-CV-3915, 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (noting that "[n]otwithstanding the [ADEA'S] reference to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies" to ADEA claims). Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

Under both Title VII's venue provision and the general venue provision, this District is not a proper venue for this action because (1) the events giving rise to Plaintiff's claims occurred in Atlanta, Georgia, and (2) Plaintiff does not allege that any defendant resides in this District. Rather, Plaintiff's claims arose in Atlanta, Georgia, where the majority of the defendants appear to reside. Moreover, Plaintiff previously filed three actions in the Northern District of Georgia related to her employment with the USPS. *See McCray v. Brennan*, No. 17-CV-4772 (N.D. Ga. July 16, 2018); *McCray v. U.S.P.S.*, No. 17-CV-2853 (N.D. Ga. Oct. 12, 2017); *McCray v. Potter*, No. 05-CV-2937 (N.D. Ga. Dec. 18, 2006). As Atlanta, Georgia is located within the Northern District of Georgia, *see* 28 U.S.C. § 90(a), venue lies in that district, and this action is transferred to the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 21, 2020
       New York, New York

                                            COLLEEN McMAHON
                                        Chief United States District Judge